## BUTTS & HAVENS *vs.* GENUNG and others.

Where a bill is filed against the representatives of a deceased partner, to obtain satisfaction of a copartnership debt, out of the estate of the decedent, the joining of the surviving partner, who is insolvent, with them as a defendant, does not render the bill multifarious, or authorize such representatives to demur.

Whether it is necessary to make the insolvent partner a party in such a case ? *Quære.*

No bill can be filed against heirs or devisees of real estate, to obtain satisfaction of a debt due from the decedent, until the expiration of three years after the granting of letters testamentary, or of administration, on his estate. And if the fact that the suit is prematurely brought, appears upon the face of the complainant's bill, the defendants may demur; or they may insist upon that objection in their answer.

Under the provisions of the revised statutes, a creditor of the decedent cannot file a bill against his heirs and personal representatives jointly, to obtain satisfaction of a debt out of the real and personal estate. And such a misjoinder of defendants will render the complainant's bill multifarious.

To enable a creditor to sustain a bill in chancery, against the heirs or devisees of his deceased debtor, after the expiration of the time limited for the commencement of proceedings against the real estate before the surrogate, under the provisions of the revised statutes, the complainant must distinctly state, in his bill, that the personal estate of the decedent was not sufficient to pay his debts; or that, after due proceedings before the surrogate and at law, he has not been able to collect his debt out of such personal estate.

In such a suit, against heirs or devisees, a general decree for the sale of the real estate, and a distribution of the proceeds of such sale among the creditors of the decedent, cannot be made ; but each creditor must file his separate bill for the recovery of what such heirs or devisees are liable to pay to him, after satisfying all legal priorities, and the proportionate claims of other creditors. And the proportion of the debt and costs decreed against each heir, and devisee, is to be collected by execution, and not by a master's sale.

A creditor may file a bill in chancery against the personal representatives of his deceased debtor, at any time after they have accepted the trust. But as they have one year for the settlement and adjustment of claims, and for the collection of debts and the getting in of the estate, so as to enable them to make a proper distribution thereof according to the statute, the complainant will not be allowed his costs in a suit commenced within that time, unless such suit was necessary for the preservation of the estate.

April 21.     THIS was an appeal from an order of a vice chancellor, overruling the demurrers of the appellants to the complain-

ants' bill. The defendant, Genung, and Parley Russell were partners, and were indebted to the complainants for goods. Russell died intestate, in December, 1831; in July thereafter, the complainants recovered a judgment in the supreme court against Genung, as the surviving partner, for the amount of the debt, upon which judgment a *fi. fa.* was issued, and was returned unsatisfied. The complainants thereupon filed their bill in this cause, against Genung, the surviving partner, and against the personal representatives, and the heirs at law of Russell, to obtain satisfaction of their debt out of the real or personal estate of the deceased partner; Genung being wholly insolvent, and unable to pay any part of the debt. The bill was filed within a year after the death of Russell. And the complainants charged therein that Genung was insolvent, and unable to pay any thing; that Russell, at the time of his death, left considerable personal property, and a large real estate, more than sufficient to pay the complainants' demand; and that they had applied to the personal representatives for payment thereof. The complainants therefore prayed for a discovery as to the personal estate of the decedent, and of the real estate of which he died seized; that the administrators might be decreed to pay the amount of the judgment against Genung, if there should be sufficient assets in their hands for that purpose; if not, that the same might be decreed to be paid out of the real estate of which Russell died seized, and that such real estate might be sold for that purpose.

The administrators demurred to the bill for want of equity, and for multifariousness, and also because Genung and the heirs at law were improperly joined with them as defendants. The heirs at law, who were infants, also demurred for want of equity, and for multifariousness; and also on the ground that the heirs at law were not proper parties to the suit against Genung and the administrators. The vice chancellor overruled both demurrers. And from this decision the administrators, as well as the heirs at law, appealed to the chancellor.

*L. H. Sandford,* for the appellants.

*P. Bronson,* for the complainants.

THE CHANCELLOR. There is no doubt as to the liability, in equity, of the real as well as the personal estate of the deceased partner, for the payment of the partnership debts; the surviving partner being insolvent, and unable to pay any thing. The separate creditors of the deceased partner are, however, entitled to a priority in payment out of his individual property. (*Egberts* v. *Wood,* 3 *Paige's Rep.* 517.) Whether it was absolutely necessary that the insolvent partner should be made a party to a suit against the representatives of the decedent, to enable the complainants to reach the estate of the latter, is a question not necessary to be decided on this appeal. It is sufficient to say that Genung, the surviving partner, was not an improper party, as regards the other defendants, so as to render the bill multifarious on that account. If no decree whatever can be made against him, either in favor of the complainants, or of his co-defendants, he alone can make that objection. And if any decree can be made against him, upon the facts stated in this bill, it must be a decree for the benefit of his co-defendants, to relieve the estate of their intestate from the payment of the debt or some part thereof, in the nature of a decree for contribution.

The material questions which arise in this case are, as to the right of the complainants to sue the heirs at law of the deceased partner, within the period of three years after the granting of letters of administration on his estate; and whether the joining of the heirs and personal representatives in one suit does not, under the provisions of the revised statutes, render the bill multifarious. Upon the first question there appears to be very little ground for doubt. By the provisions of the title of the revised statutes relative to the powers and duties of executors and administrators in relation to the sale and disposition of the real estate of their testator or intestate, the personal representatives are authorized to apply to the surrogate for a sale of the real estate of the decedent, for the payment of his debts, at any time within three years

after the granting of letters testamentary or of administration. And if such personal representatives neglect to apply to the surrogate, any creditor is authorized to make a similar application to the surrogate to compel such sale, after citing the executors or administrators to account. (2 *R. S.* 100, § 1.; *Idem,* 108, § 48.) The legislature having furnished this cheap and summary mode of proceeding for the payment of the creditors out of the real estate of the decedent, where his personal property is insufficient for that purpose, have, in the 53d section of the same title, absolutely prohibited the creditors from wasting the real estate by useless suits in this court against the heirs or devisees, during the time limited for the institution of proceedings before the surrogate, for such sale. The first clause of that section in terms declares that no suit shall be brought against the heirs or devisees of any real estate, in order to charge them with the debts of the testator or intestate, within three years from the time of granting letters testamentary, or of administration, upon the estate of their testator or intestate.

To show that such was the meaning and intent of the legislature, and that this provision of the revised statutes was inserted upon due deliberation and with a full understanding of its practical effect, it is only necessary to refer to the revisers' note to the 53d section, as originally drawn. The section, as prepared by the revisers, did not prohibit the commencement of a suit against the heirs or devisees within the three years. It merely provided for a stay of proceedings in such suit, upon proof that an application had been made to the surrogate for a sale, until the result of the application was ascertained. But in the note of the revisers, which stated the reasons which had induced them to propose that section, they suggested it as a question worthy of the consideration of the legislature, whether any suit should be permitted against the heirs and devisees during the three years in which the creditors were authorized to proceed, before the surrogate, for a sale of the real estate under the provisions of that title of the proposed revision. In conformity with this suggestion, the legislature thought it expedient to alter the 53d section,

and to introduce the absolute prohibition as it now stands in the first clause of the section. (*See Rev. Rep. ch. 6, of pt. 2, p.* 82.) In cases of this kind, therefore, if the fact that the suit, in this court, has been brought before the expiration of three years after the granting of letters testamentary, or of administration, appears upon the face of the bill, the heirs or devisees may demur; or they may insist upon that objection in their answer, and the bill must be dismissed. And if it does not appear upon the face of the bill, the defendants may bring the fact before the court, either by their answer or by a plea. In this case it appears, by the bill itself, that three years could not have elapsed after the granting of letters of administration on the estate of the decedent; as it is stated that he died in December, 1831, and this bill was filed within a year from that time.

A suit at law may be brought against the executors, or administrators, at any time after their acceptance of the trust. But the plaintiff will not be entitled to costs, unless the payment of the demand has been unreasonably resisted or delayed, or the personal representatives have refused to consent to a reference as to the validity of the plaintiff's claim. (2 *R. S.* 90, § 41. *Swift* v. *Blair's Ex'rs,* 12 *Wendell,* 278.) And as the revised statutes have in effect given to the personal representatives one year, for the settlement and adjustment of the various claims against the estate, and to collect the debts and get in the estate, so as to enable them to make a proper distribution according to the statute, this court will not encourage the sacrifice of the property by a multiplication of suits here within that period; unless special reasons exist, which render a resort to this court necessary or proper, for the preservation of the estate. (*See* 2 *R. S.* 88, § 34, *&c.*) I am not aware, however, of any provision of the revised statutes which authorizes this court to decline jurisdiction in a suit against the personal representative, a t any time after he has assumed the trust. A demurrer, therefore, will not lie to such a bill, on the ground that it was filed within the year. But the defendant, in his answer to such a bill, may insist upon the fact that the suit has been causelessly and prematurely brought, for the purpose of showing that the estate of the

decedent should not be charged with cost; in analogy to the principle contained in the 41st section of the article of the revised statutes, relative to the duties of executors and administrators in the payment of debts and legacies. (2 *R. S.* 90.)

Upon a careful examination of the several provisions of the revised statutes, relative to suits against heirs and devisees, I have arrived at the conclusion, that it is no longer allowable for a creditor to file a bill against the personal representatives, and the heirs or devisees of the deceased debtor, jointly, for the purpose of compelling payment of his debt. The specific remedy which is now given to the creditor, in this court, against the heirs or devisees, after the expiration of the time limited for the commencement of proceedings before the surrogate, is a substitute for the former mode of proceeding by action at law, which is now abolished. (2 *R. S.* 454, § 42.) To entitle the complainant to maintain such a suit against the heirs or devisees, in this court, as is now directed by the statute, it must be distinctly stated in the bill, that the personal estate of the decedent was not sufficient to pay and discharge the debts, or that after due proceedings before the proper surrogate's court, and at law, the complainant has been unable to collect his debt, or some part thereof, out of the personal estate. (*Idem,* 452, § 33, 36.) And the decree, which is to be rendered against the heirs or devisees, is not, as formerly, a decree for a sale of the real estate, and a distribution of the proceeds thereof among all the creditors who may come in under the decree, according to the amount of their debts and their legal priorities. But each creditor must file a bill for himself; for the recovery of what the heirs or devisees are liable to pay to him, after satisfying all legal priorities, and the proportionate claims of other creditors. (*Idem,* 453, § 38, 39, 40, 41.) And where there are several heirs or devisees, the amount which each is liable to pay must be ascertained by the decree; and a part of the costs is to be apportioned against each. So that the land descended to each is only to be charged with his or her portion of the debt and costs. (*Idem,* 455, § 52, 53.) The statute also contemplates that the amount decreed shall be collected by execution, in the usual manner; and not by a sale of the land under the direc-

tion of a master. (2 *R. S.* 454, § 47. *Id.* 455, § 54, 55.) These several provisions show the manifest impropriety, as well as the inconvenience, of connecting the suit against the personal representatives, in which all other creditors have a right to come in under the decree, with a suit against the heirs or devisees, which is for the benefit of the particular creditor only. The objection which is made by each demurrer, as to the improper joinder of these parties in the same suit, is therefore well taken ; as it renders the bill multifarious.

The decretal order of the vice chancellor, overruling the demurrers, must be reversed, with costs. And the bill, as to each class of defendants who have demurred, must be dismissed with costs ; but without prejudice to the right of the complainants to commence de novo, against the proper parties, if they shall be so advised.