## Mersereau *vs.* Ryerss and others.

It seems that the heir and the personal representative of a deceased person can not be joined in a suit brought by a creditor under the statute (2 *R. S.* 452) to charge the heir in respect to lands descended.

But all the heirs must be joined, and in order to charge them it must be shown, either that the personal assets of the deceased were not sufficient to pay the debt, or that after due proceedings before the proper surrogate's court and at law, the creditor has been unable to collect the debt or some part thereof from the personal representative.

And where it is not shown that the personal assets were insufficient, the non-residence of the administrator within the state is no excuse for not taking due proceedings in the proper surrogate's court.

And where in a suit against the heir, the pleadings and proofs did not make out a proper case under the statute, *held,* that a stipulation for a reference to state an account between the parties, and to take proof " on other points in issue" did not waive the objection.

Appeal from the supreme court. The bill was filed in the late court of chancery, before the vice chancellor of the sixth circuit, against the heirs of John P. Ryerss, who died intestate in 1839, for the purpose of charging them, on account of real estate which descended to them, with a debt due from the decedent to the complainant. The vice chancellor, after hearing the cause upon pleadings and proofs, and upon the report of a master to whom it had been referred to take an account of the indebtedness and dealings between the complainant and the intestate, sustained the bill and decreed according to the prayer thereof. The supreme court sitting in the sixth district, on appeal, reversed the decree and dismissed the bill. The complainant appealed to this court. In the opinion of the court will be found a sufficient statement of the questions and of the facts on which they arose.

*J. A. Collier*, for appellant.

*N. Hill, Jr*, for respondents.

BRONSON, Ch. J. The bill was filed against the defendants as the heirs at law of John P. Ryerss, who died intestate, to recover a debt which the complainant claims against the deceased. The bill states the granting of administration to the defendant, Joseph W. Ryerss, one of the heirs; but I think that fact was only mentioned for the purpose of making out a case against the heirs, and not for the purpose of making Joseph a party as the personal representative of the deceased. Indeed it has been decided, that the heir and personal representative can not be joined in a suit under this statute. (*Butts* v. *Genung*, 5 *Paige*, 259; *Schemerhorn* v. *Barhydt*, 9 *id.* 45; *Wambaugh* v. *Gates*, [Ct. App. Nov. '47.]) But if there can be a case where it would be proper for the creditor to join them, I think this bill was not framed with that view. The complainant intended to charge Joseph, as well as the other children, as heir at law, and not in any other character.

In a suit of this kind, whether at law or in equity, all the heirs must be joined; (*Stat.* 1837, *p.* 537, § 73;) and they are not liable for the debt, " unless it shall appear that the personal assets of the deceased were not sufficient to pay and discharge the same; or that after due proceedings before the proper surrogate's court, and at law, the creditor has been unable to collect such debt, or some part thereof, from the personal representatives of the deceased, or from his next of kin or legatees;" (2 *R. S.* 452, § 33;) and it is incumbent on the creditor to show these facts and circumstances to render the heirs liable. (§ 36, *cases above cited, and* *Gere* v. *Clarke*, 6 *Hill*, 350.) Now in this case the complainant alledges in the bill that John P. Ryerss died possessed of a considerable personal estate, estimated, as he was informed, at about three thousand dollars; which is more than the sum that has been found due to the complainant; and it does not appear that the intestate owed any other debt. The defendants admit in their answers that John P. Ryerss died possessed of a considerable amount of personal property; and they alledge that there was sufficient to pay the debts which he owed at the time of his death. There is no proof to show a deficiency of personal assets; and it lies on the creditor, as we

have already seen, to make out the case provided for by the statute. It follows, that there is no foundation for the suit on the first alternative mentioned in the 33d section, to wit, making it " appear that the personal assets of the deceased were not sufficient to pay and discharge" the debt. No such fact is established, either by the pleadings or proofs.

The other alternative is, " due proceedings before the proper surrogate's court, and at law" to collect the debt, without success. There have been no proceedings whatever, for the collection of the debt, either at law, or before the surrogate of Steuben county, where the intestate resided at the time of· his death, and where the letters of administration were granted. The only excuse which has been offered for the want of such proceedings is the fact that the administrator, at the time the letters were granted, and ever since, has resided out of this state, at Philadelphia in the state of Pennsylvania, beyond the reach of our process. This may be enough to excuse the want of a suit against the administrator ; but it is no answer to the want of proceedings before the surrogate. The complainant might have applied to the surrogate, and obtained an order requiring the administrator to render an account of his proceedings ; (2 *R. S.* 92, § 52 ;) and although the administrator resided out of the state, the order might have been served, either personally, or by publishing it pursuant to law. (*Stat.* 1837, *p.* 537, § 76.) The complainant might have had a decree for the payment of his debt ; and a suit on the administrator's bond to enforce the decree. (2 *R. S.* 116, § 18, *p.* 77, § 42 ; *Stat.* 1830, *p.* 391, § 23.) He has not, as he should have done, exhausted his remedy against the personal estate, before resorting to the heirs.

It is said that the defendants are entitled to the whole estate, real and personal, and that it is not important to them out of which fund the debt is paid. But the legislature did not so view the matter. The statute makes no exception ; but requires the creditor in all cases to seek satisfaction from the personal property, before he resorts to the real estate in the hands of the heir.

I do not see that the stipulation for a reference to take and

· state and account between the parties amounted to a waiver of the right to make this objection. In addition to what is said about the account, the stipulation provides for taking proof upon "other points in issue, not relating to said accounts;" and either party had the right to set the cause down for a final hearing "upon the master's report, and the pleadings and proofs in the cause." The parties evidently contemplated other questions besides those which might arise upon the master's report; and I think their only object in making the stipulation was to expedite the cause. It is certainly to be regretted that so much expense should have been incurred in taking an account which turns out to be useless; but that can not obviate the objection that the complainant brought his suit before he had laid a proper foundation for maintaining it.

I am of opinion that there is no error in the decree of the supreme court dismissing the bill, and that it should be affirmed.

<div align="right">

Decree affirmed.