## ROCKWELL v. GEERY.

*Joinder — of parties — heir and devisee — Inheritance — liability of devisees of real estate for debts of testator — exhausting remedy against personal representatives — share of posthumous child of testator — apportionment of burden — limit of amount of judgment.*

The joining of devisees under a will with the heir at law, in an action by the creditor of an estate to reach the real estate of a deceased debtor, *held* proper where the complaint averred that the property descending to the heir at law was insufficient to pay the indebtedness to plaintiff.

The complaint in such an action alleged that the plaintiff had recovered a judgment against the executors of the deceased, upon which nothing had been realized; that an accounting in which the judgment was recognized

as an indebtedness had been had before the surrogate, and that nothing remained in the hands of the executors except a disputed claim, which was in litigation. *Held*, a sufficient allegation that plaintiff's remedy against the executors was exhausted.

*Held*, also, that a realization upon the disputed claim by the executors, subsequent to the commencement of plaintiff's action, would not operate to defeat such action.

*Held*, further, that the recovery by plaintiff would be limited by the amount of judgment recovered against the executors, notwithstanding they showed themselves entitled to a larger recovery.

The share which an after-born child, unprovided for by a will, takes, *held* to be within the spirit of the statute (1 R. S. 65, § 49, etc.), subjected to the payment of the testator's debts ratably with the shares of the devisees under the will.

Where lands devised to different persons are subjected to the payment of the testator's debts, the true basis of apportionment is the value of the respective parcels at the time of the death of the testator.

APPEAL by defendants from a judgment in favor of plaintiffs, entered upon the report of a referee.

The action was brought by Hervey Rockwell and another, as surviving executors of the will of Charles O'Neil, deceased, against Florence Geery and others, heir at law of, and devisees under, the will of Isaac Geery, deceased, to recover out of the real estate of defendants, devised or descending from said Isaac Geery, the amount of a debt due from said Isaac Geery. Sufficient facts appear in the opinion.

*Chas. B. Rice, Walter L. Livingston* and *E. T. Rice,* for appellant.

*Chas. H. Mundy,* for respondents.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. This is an action brought by the surviving executors of Charles O'Neil, to reach the real estate of Isaac Geery, deceased, now held by seven of his children, as devisees of separate parcels under his will, and by Florence Geery, a posthumous child, to whom an equal, undivided one-eighth of all the real estate of said Isaac Geery is claimed to have descended as heir at law. Isaac Geery was co-executor of the plaintiffs, and the indebtedness which plaintiffs claim to recover is alleged to be for moneys of O'Neil's

estate received by him and applied to his own use. On the part of the devisees it is insisted that a joint action cannot be brought under the statute against both heirs and devisees, because the statute provides, in substance, that no recovery shall be had against devisees until the creditor shall have exhausted his remedy against the heirs. 2 R. S. 455, § 52. In the view the learned referee has taken of this question, it is of no importance in the case. He has held, in substance, that all the defendants are devisees, and so are properly joined by the express requirements of the statute. He regards the posthumous child not as heir at law, and taking in that capacity, but as a statutory devisee, and entitled, therefore, in respect of her equal undivided one-eighth of the real estate of which her father died seized, to stand on the same footing as her several brothers and sisters, named in said will as devisees. Whether this view can be maintained will be hereafter considered. But regarding Florence as an heir at law, we see no objection in uniting the devisees with her in the action, under the averments of the complaint. It is distinctly averred that the interest in the real estate which has descended to her is not sufficient to pay the indebtedness to plaintiffs; and this is found as a fact by the referee. If, therefore, she is to be treated simply as an heir at law, there is little difficulty in so framing the judgment as to direct that the estate which Florence has taken as heir at law be first exhausted, and then apportioning the residue upon lands severally devised to the devisees. In this mode the statute can be executed without the necessity of several actions. This course was approved by the chancellor in *Schermerhorn* v. *Barhydt*, 9 Paige, 28, and seems to be consistent with the language of the statute. 2 R. S. 455, § 56; and see, also, *Butts* v. *Genung*, 5 Paige, 254. The chancellor does not, as it seems to us, express any views in *Wambaugh* v. *Gates*, 11 Paige, 505, which are in conflict with *Schermerhorn* v. *Barhydt*.

On behalf of all the appellants, it is urged that the plaintiffs had not, at the time of commencing this action, exhausted their remedy against the personal assets of Isaac Geery. The plaintiffs had sued the executors of Isaac Geery, and recovered a judgment upon which nothing had been realized. An accounting had been had before the surrogate in which this judgment was set down and recognized as an indebtedness of the estate. The accounting showed that nothing remained in the hands of the executors out of which the judgment or any portion could be paid. It appeared on this accounting, how-

ever, that a large disputed claim of the testator against the firm of I. & W. Geery, nominally sufficient to pay all the debts of the testator, was remaining in the hands of the executors; nothing had been collected upon it, and the surviving partner disputed and litigated his liability. Three years had elapsed before this action was brought, after the granting of letters testamentary; and at that time nothing remained in the hands of the executors with which the indebtedness to plaintiffs, or any part thereof, could be paid. We think the requirements of the statute were substantially complied with, and that the fact that a disputed and litigated claim remained undecided was not in itself sufficient to prevent the plaintiffs from proceeding against the heirs and devisees. It appears in the case, and is found by the referee, that while this action has been pending a judgment has been recovered by the executors of Isaac Geery against his surviving partner, establishing the liability of the latter and directing an accounting and appointing a receiver of the property of the late firm ; and that a considerable amount of real estate has been sold under such judgment, which has been bought in by the executors of Isaac Geery and is in their hands as assets. These facts we think are no defense to this action. The rights of the parties must be determined by the state of facts existing at the commencement of the action, and if the condition of things was at that time such that the right to sue under the statute had arisen, a subsequent change in the assets will not defeat the proceedings.

But the court has complete control of the case; and, upon its being shown that the representatives of the estate have received assets that ought to be applied to the payment of indebtedness, the court can make such orders touching the execution of its judgment as will enable the defendants to be relieved wholly or in part by the application of such assets. This accords, we think, with the principles laid down by the chancellor in *Graham* v. *Dickinson*, 3 Barb. Ch. 169, 196, and the cases therein cited. The rights of the heir and devisees, if the judgment in this case be collected of them, would be protected upon the principle of subrogation, if, after such sale, assets came to the hands of the executors, and if such assets come before the collection of the judgment there is no reason why the court should not interfere for their protection by making such directions as may, upon the facts shown on the application, be shown to be just and equitable. It is quite another thing, however, to arrest or defeat the recovery on such a ground.

Rockwell v. Geery.

The proof of the indebtedness of the estate to plaintiffs was sufficient. The plaintiffs put in evidence the judgment recovered by them against the executors of Isaac Geery. This, perhaps, was not evidence of the indebtedness as against these defendants; but it was competent as tending to show what steps had been taken to reach the assets of the estate and as bearing on the question whether efforts to collect from the personal estate of the decedent had been exhausted. This evidence was supplemented by proof of the account kept by Isaac Geery himself, which showed certain moneys received and an amount expended by him; and it is upon this proof of indebtedness that the referee has proceeded in rendering his judgment.

The recovery against the executors was for a less amount than the recovery against these defendants. We think the referee should have limited the recovery to the same sum and interest and the costs of the judgment, because that judgment fixed the amount for which the assets of the estate in the hands of the representatives were liable, and as to which there could be a deficiency of assets. It was competent, we think, for the defendant to use the record in the case to establish that the claim of plaintiffs, which could be enforced against them, was not greater than the recovery. It is apparent that the indebtedness proved by the accounts and that recovered in the judgment were identical; we must assume that the sum was reduced by some credit or defense to the amount of the judgment. After the recovery of the judgment all the claims became merged in it, and the judgment was conclusive evidence as between plaintiffs and the executors of the extent of the indebtedness. No greater amount could be collected out of the personal assets; and if that amount had been collected out of personal assets, no action could have been maintained against these defendants, for the difference between the judgment and the account for which it was recovered; as to such balance, it would be impossible to show that the personal assets had been exhausted, because for that difference no remedy could have been had by plaintiffs against such assets. The referee should, therefore, have taken the recovery in the judgment as conclusive of the amount of the indebtedness, when it was shown, *dehors* the record, that it was recovered for an actual indebtedness identical in its character with that alleged in this action. A reduction must be made in the judgment accordingly.

The referee rightly disposed of the question made as to the widow's right of dower. It is presumed after this lapse of time that she elected the provisions of the will and had no right of dower; besides, the right is not an estate vested in her until admeasurement, and may never become an estate in any portion of the lands. The defendants, who wished to avail themselves of it, should have shown more than now appears, in order to avail themselves of the point.

This brings us to the question whether Florence Geery takes her estate as heir at law within the meaning of the statute which forbids proceedings against devisees unless the estate descended to heirs shall have been first exhausted. The statute provides that "whenever a testator shall have a child born after the making of his will, either in his life-time or after his death, and shall die leaving such child so after-born unprovided for by any settlement, and neither provided for nor in any way mentioned in his will, every such child shall succeed to the same portion of the father's real and personal estate as would have descended or been distributed to such child if the father had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will." 1 R. S. 65, § 49.

Florence Geery comes within the provisions of this section, and as *to her*, Isaac Geery, her father, died intestate. Another section of the Revised Statutes provides that "In cases where, by the provisions of any statute, a child born after the making of the will shall be entitled to succeed to a portion of the testator's real and personal estate; such child" * * * * "shall, in all respects, be liable in the same manner and to the same extent to the creditors of his ancestor, in respect to the personal property delivered to him, and the real estate descended to him, as are herein prescribed in relation to next of kin and heirs."

A keen sense of the hardship which the application of these statutes, according to their strict letter, would work upon the infant Florence Geery has led the referee to treat her as standing on the same footing toward her brothers and sisters, in respect of the payment of the debts of their father, as though he had died wholly intestate. It is very difficult for me to see upon what grounds this construction of the several statutes can securely stand, but my brethren are of opinion (as more fully expressed in the opinion of

BRADY, J.) that the spirit of the statute permits and requires a construction that will subject all the real estate of the decedent to bear equally the burden of his debts, and thus prevent the gross injustice of taking from Florence her entire inheritance. They are in favor, therefore, of affirming the views of the referee on this point, and I am content that such views should prevail.

The true basis of apportionment in such a case is, we think, the value of the respective parcels at the time of the death of the testator. Any other rule is too uncertain, and subject to too many fluctuations which may work injustice among the devisees or heirs to be safely adopted. The "extent of the estate" which the heir of devisee receives by will or by inheritance is the value at the time the same vests by the devise or by operation of law.

The judgment must, therefore, be reversed, and the proceedings remanded to the referee, with instructions to proceed in conformity with the views herein expressed.

BRADY, J. The design of the statutes in reference to posthumous children was to give them the same portion precisely as they would have if the parent had died intestate, and hence the provision that descendants and relatives of the intestate begotten before his death, but born thereafter, shall in all cases inherit in the same manner as if they had been born in the life-time of the intestate and had survived him. 1 R. S. 754, § 18. And hence the further provision that whenever a testator shall have a child born after the making of his will, either in his life-time or after his death, and shall die leaving such child so after-born unprovided for by any settlement, and neither provided for, nor in any way mentioned, in his will, every such child shall succeed to the same portion of the father's real and personal estate as would have descended or been distributed to such child if the father had died intestate, and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the part devised and bequeathed to them by such will. 2 R. S. 65, § 49.

When the children are the devisees, the object of the statute can only be accomplished by requiring each to contribute in proportion to his devise, to make up such share of the property as would have been given to the after-born in case of intestacy, and subjecting each devisee to the same burdens as the after-born in proportion to the estate held. To carve out of the devised estate a portion for

the heirs at law, and to subject it to the grasp of the creditors, would defeat the benign intent of the legislature, and so destroy that *quasi* equality which it was obviously designed to accomplish. When, therefore, the children are the devisees, they become, under its operation, heirs at law to the extent of their devise, so far as the after-born child is concerned, and as to him must bear the burdens of their estate.

The statutory object in view makes it wholly immaterial whether the posthumous child is called heir or devisee, and equally immaterial whether the devisees are regarded as such *eo nomine* or heirs at law. The legislature appropriates as an act of justice, and in presumed accord with what would have been done by the testator, such parts of their devise consistent with the whole estate as may be necessary to give the after-born an equal share of the whole of the testator's property, subject to distribution and division, and it operates as a repeal, by implication, of all conflicting statutes.

It was not intended that any one child should bear a heavier burden than another, except so far as there might be an inequality in the value of the devise, and then it would result from the will of the testator, and not so much from legislative intent. This view is in perfect harmony with the spirit of the statute, and what is within the spirit is within the letter, and is the true exposition of its meaning and design.

I think the children should contribute ratably to the payment of the plaintiffs' claim, and that this action should, in its result, attain such object, all parties being present in court.

*Judgment reversed, etc.*