## HOPESTILL ARMSTRONG AND SOLOMON ARMSTRONG, APPELLANTS, *v.* DE ETTE WING, RESPONDENT.

*Action against heir at law of deceased grantor, for breach of covenant — when maintainable.*

In order to maintain an action against the heir at law of a deceased grantor, to recover damages occasioned by the breach of a covenant contained in a conveyance made by the ancestor, it must be shown that the deceased left no personal property within this State, or that the same was insufficient to pay the debt, or that the debt could not be collected from the personal representatives of the grantor, or from his next of kin or legatees.[*]

A defendant cannot be charged both as heir-at-law and next of kin in the same count of a complaint.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

Hopestill, Solomon, Farrand S., David M., Morrey W. and Charles H. Armstrong were the owners, as tenants in common, of a certain farm. Hopestill, Solomon and Farrand S. contracted, by parol, to convey their undivided half for $4,000 to Morrey W., David M. and Charles H., the vendees entering into possession. A joint deed was drafted for the three vendors and their wives to execute, which contained the following covenant:

"And the said Farrand S., Hopestill and Solomon Armstrong do hereby covenant and agree to and with the said parties of the second part, their heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said parties of the second part, their heirs and assigns, will forever warrant and defend against any person whomsoever, lawfully claiming the same or any part thereof."

Farrand S. Armstrong executed, acknowledged and delivered the deed, received his share of the purchase-money and died. After his death Hopestill and Solomon and their wives executed, acknowledged and delivered the deed with full knowledge that the wife of Farrand S. had not executed it. Farrand's wife never executed the deed, and afterwards, by action, recovered her dower in the farm. The vendees recovered a judgment against Hopestill and Solomon, surviving vendors, for the damages sustained by the eviction, which was paid.

[*] This is in harmony with *Selover* v. *Coe* (63 N. Y., 438), decided after the decision of this case at the Special Term.

Hopestill Armstrong defended the action (at the request of the defendant, the sole heir at law of Farrand S., who promised to pay him the expense thereof), but Solomon Armstrong made default.

Farrand S. died intestate and letters were issued on his estate. He left a widow (since deceased), and this defendant, the sole heir at law, to whom descended real estate of about the value of $3,000. The plaintiffs Hopestill and Solomon Armstrong bring this action to recover of the defendant, as heir at law, the damages they have sustained by reason of the breach of the joint covenant; also the expenses incurred in defense of the action.

The complaint also alleges incidentally, but not as a separate cause of action, that the defendant received considerable personal estate, as next of kin, of Farrand S. Armstrong.

The following opinion was delivered at Special Term:

FOLLETT, J. The debts of deceased persons upon covenant stand upon the same footing as simple contract debts. (Subdivision 3, 2 R. S., 453, § 37; 2 Edmonds' R. S., 473.)

The heirs of every person who shall have made any covenant or agreement are answerable, upon such covenant or agreement, to the extent of the lands descended to them, in the cases and in the manner prescribed by law. (1 Revised Statutes, 739, § 141; 1 Edmonds' R. S., 689.)

The heirs of every person who shall have died intestate shall respectively be liable for the debts of such person arising by simple contract or by specialty, to the extent of the estate, interest and right in the real estate which shall have descended to them from such person. (2 Revised Statutes, 452, § 32; 2 Edmonds R. S., 472.)

Heirs are not liable for any such debt unless it shall appear:

I. That the deceased left no personal assets within this State to be administered; or,

II. That the personal assets of the deceased were not sufficient to pay and discharge the same; or,

III. That after the proceedings before the proper Surrogate's Court, and at law, the creditor has been unable to collect such debt, or some part thereof, from the personal representatives of the deceased, or from his next of kin or legatee (2 R. S., 452, § 33, as amended by chapter 110, Laws of 1859; 2 Edmonds' R. S., 472), It is

incumbent on the creditor seeking to charge an heir to show the facts and circumstances required by the foregoing statutes to render the heir liable. (2 Revised Statutes, 453, § 36; 2 Edmonds' R. S., 472.)

The plaintiff has utterly failed to establish either of the before-mentioned statutory conditions precedent to a recovery, and on the contrary alleges (though incidentally), in his complaint, that the ancestor left considerable personal estate which was received by the defendant as next of kin. The evidence establishes the fact that letters of administration were issued upon the estate of Farrand S. Armstrong by the surrogate of Madison county, and that one of the representatives is still living. No evidence was offered upon the trial tending to show whether Farrand S. Armstrong left much or no personal estate, and no evidence as to the then condition of the estate or what had been done by the representatives in connection therewith was offered upon the trial, except a certificate of the surrogate's clerk that no proceedings had been had before that court, in the matter of that estate, since the granting of letters. This certificate, even if it be legal evidence of the fact recited therein, is not sufficient to bring this case within the statute. For aught that appears there are sufficient assets in the hands of the representatives to discharge the liabilities of the intestate.

This action cannot be maintained upon the ground that the defendant is liable, as next of kin, for the complaint contains no count charging a liability as next of kin. Before the Code it was held (*Gere* v. *Clark*, 6 Hill, 350) that a defendant could not be charged both as heir and next of kin in the same count, and the rule is the same under the Code, because the facts constituting these distinct causes of action are dissimilar. (2 Revised Statutes, 90, § 42, and 451, § 23; 2 Edmonds, 92 and 470.)

The action cannot be maintained upon the promise of the defendant to pay the expenses of the defense of the action against the plaintiffs in this action, because,

I. This action is not brought at law upon the promise, but in equity upon the statute to charge the defendant as heir thereunder.

II. The promise was not made to both of these plaintiffs but to Hopestill Armstrong, who alone defended the former action. No assignment of the promise is alleged and, indeed, Solomon has not

paid any portion of the expenses of the former action, having only paid one-half of the amount for which both were liable before suit brought and the unsuccessful defense interposed.

It is unnecessary to consider whether the covenant in the deed is a distributive covenant, or to consider the rights arising thereunder of the parties thereto.

Judgment for the defendant, with costs.

*S. S. Morgan*, for the appellants.

*Burdett & Brooks*, for the respondent.

BOARDMAN, J.:

The plaintiffs and the father of the defendant united, in 1859, in a deed of lands, with a joint covenant of warranty. The mother of defendant did not join in such deed. Upon the death of defendant's father, her mother brought an action and recovered her dower in the premises conveyed. An action was thereafter brought by the grantees in said deed against the plaintiffs in this action and they recovered of them, as survivors, the damages arising from such breach of the covenant of warranty. The defendant had notice of each of said actions and was requested to protect the interests of the defendant therein. The plaintiffs herein, after payment of the recovery against them, and after the death of defendant's mother, bring this action to recover of the defendant the amount paid and expended by them, in defending such action for breach of covenant for damages and costs. The theory of the complaint is, that the neglect of defendant's mother to sign the deed created an obligation or liability on the part of defendant's father to make good any defect of title caused thereby, and to indemnify his co-covenanters against the consequences thereof; that the defendant, as heir at law of her father, had received from him an amount of assets, real and personal, more than sufficient to satisfy plaintiff's claim, and thereby became responsible to the plaintiffs for the amount of their claim. These facts have been found in the decision of the case, but it was held that upon the facts found the defendant was not liable. The review of the judgment is solely upon the facts as found at the Special Term.

In the view taken of the case at Special Term, in which I concur,

it is unnecessary to consider whether the claim of the plaintiffs is a debt of defendant's father, for which she can be made liable under the provisions of the Revised Statutes. It will be enough to determine that she is not liable if we concede such to be the nature of the obligation.

The opinion of the learned judge at Special Term very clearly demonstrates, that the plaintiffs ought not to recover upon the facts found. I can add very little to the citation of authorities sustaining his conclusion. The Revised Statutes declare that the heir shall not be liable, unless the deceased left no personal property or such personal property was insufficient to pay the debt, or that, after proper proceedings in the Surrogate's Court, the debt could not be collected. (2 R. S. [Edm. ed.], 472; Bingham on Descents, 286, 290, 291; *Mersereau* v. *Ryerss*, 3 N. Y., 261; *Stuart* v. *Kissam*, 11 Barb., 271; *Roe* v. *Swezey*, 10 id., 247; *Butts* v. *Genung*, 5 Paige, 254; *Wambaugh* v. *Gates*, 11 id., 505.) These authorities seem quite conclusive against plaintiffs in a claim against an heir for a debt of an ancestor. Such is the nature of this action. The complaint concedes the existence of personal property. Administration was granted. How much there was or what became of it does not appear. The lapse of time since administration granted cannot create any presumption. The conditions upon which an heir can be held liable are fixed by statute. Except by virtue of such statute the heir is not liable. It must therefore be strictly construed. (See the cases cited.) Nor does it make any difference that the heir in this case is the next of kin also, and was entitled to both the real and personal estate of her ancestor. (*Stuart* v. *Kissam*, *ante.*) The personal estate must be exhausted by proceedings against the administrator before the heir can be attacked. (11 Paige, 515; *Gere* v. *Clark*, 6 Hill, 350.)

The other reasons assigned by plaintiffs for a recovery are properly considered and disposed of by the opinion of the learned judge at the Special Term.

The defendant is not called upon in this action to contribute her just proportion of the recovery had against the plaintiffs who were co-obligors with her father. Several objections, not here considered, might in such an action arise. Did her father, in fact, ever deliver the deed? Was it left with the justice to be delivered after

it should have been duly signed and acknowledged by the parties named as grantors therein? In that case could the plaintiffs, by a subsequent execution and delivery of the deed without the signature of the defendant's mother, bind the father of the defendant, or herself through him? And finally, can plaintiffs, upon a recovery against them as the survivors upon a joint covenant, bring an action in equity against the heir at law of the deceased co-obligor for contribution? Some of these questions may prove to be of importance in possible future contingencies, but are not necessary to be determined in the case now presented for our decision.

I think the judgment of the Special Term was correct and should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.