Barrett, J.
The plaintiff concedes that he has joined a bill against the personal representatives of McCunn to impress a lien upon the decedent’s real estate, with an action under the statute against his heir and their grantees. These causes of action cannot be united. They proceed upon entirely different principles, and their joinder would be (as was said in Green agt. Martine, 27 Hun, 247, where a similar principle was discussed) “ anomalous and incongruous.” The action against the heirs is founded upon contracts made by the testator in his lifetime — that against the- executors upon contracts made after his death. The former contracts bind the estate, and the judgment thereon against the executors runs de bonis testatoris. The latter contracts bind the executor personally, not the estate, and the judgment thereon is de bonis propriis. So far then as this complaint seeks to charge the real estate with contracts made by the executors, *230 it proceeds, as palpably it must, upon some special equities entirely foreign to the case against the heirs under the statute. These equities, as we have gleaned with some difficulty from the perusal of this exceedingly loose and confusing complaint, are the insolvency of the executors and the fact that the Services rendered under the contracts tended to the conservation and protection of the estate. It is apparent that this is <a distinct action from an action under the statute against the heirs upon contracts made by the testator in his lifetime; distinct in its scope and object, and requiring different parties, allegations and proofs as to the parties. It has been repeatedly held that in an action by a creditor to charge the heir in respect to lands descended, the personal representatives cannot be joined (Mersereau agt. Ryerss, 3 Comst., 262, citing Butts agt. Genung, 5 Paige, 259, and Schermerhorn agt. Borhydt, 9 id., 45). The heirs must all be sued jointly (Code, sec. 1846), and they are respectively liable, to the extent of the estate which descended to them, for debts of the deceased growing out of his contracts (Sec. 1843). A method is provided of enforcing this liability either by charging the estate, if it has not been aliened (Sec. 1852), or, if it has and the creditor so elects, by charging the heir personally (Sec. 1854). Under no circumstances, however, are the heirs personally liable for debts incurred by the executors. If, then, these debts, which the law treats as personal obligations of the executors, are to be impressed upon the decedent’s real estate at all, it can only be, as already suggested, by the application of equitable principles entirely foreign to the statutes regulating “ actions relating to decedents’s estates.” That'some such action might be maintained “ in case of the fraud or insolvency of the executor ” was hinted at in Ferrin agt. Myrick (41 N. Y., 325), but it was “ an equitable cause of action,” which as the court intimated “ would probably be created against the estate.” In this same case Hr. justice Hunt, after reviewing the authorities, held the principle to be settled, that 'causes of action against executors as such—that is, upon con *231 tracts made with the testator in his lifetime — cannot be united with causes of action against the executors upon contracts made after his death. A fortiori, it would seem to follow that a special statutory action to charge the heirs and their grantees with the decedent’s obligations should not be united with a special equitable action to have the executor’s obligations decreed to be a lien upon the estate.
There are other seemingly fatal objections to this complaint, e. g., the assumption that the heirs and their grantees are bound by the judgments recovered against the executors and the consequent failure to state any cause of action against the decedent. As we understand it, a judgment against executors is only prima facie evidence in the surrogate’s court, and when there was a trial upon the merits. It is also questionable whether any cause of action is stated against Mr. Fine. But upon these and other points it is not necessary at present to express a definite opinion, as the demurrer, for the reasons already assigned, must be sustained, and the plaintiff in severing his actions, and otherwise amending, may, by appropriate averments and greater care, avoid some of these questions.
There must be judgment for the defendants upon their demurrer, with costs, but with leave to the plaintiff to amend his complaint within twenty days upon payment of such costs.