Lawrence, J.
In this case I am of the opinion:
First. That the order made by Mr. Justice Van Brunt sustaining the previous demurrer does the preclude me from examining the questions raised upon the present demurrers. 0 If reference is had to the opinion rendered by Justice Van Brunt it will be seen that the point on which he sustained the previous demurrer was, that the plaintiff had not obtained the leave of the court to sue. Such authority is de■clared to be the very basis of the right to sue.
' And again it is stated in his opinion that costs are .allowed to the defendants line, who alone has raised the particular point passed upon.
Second. I am not prepared to hold that the complaint does not state facts sufficient to constitute a cause of .action.
The action is evidently brought under the second subdivision of section 1848 of the Code of Civil Procedure, which permits such an action where the plaintiff has been unable, or will be unable, with due diligence to collect his debt by proceedings in the proper surrogate’s court, and by an action against the executor or administrator, and against the surviving husband or wife, legatees and next of kin. It is not incumbent upon a plaintiff to set forth in his complaint the evidence by which he expects to prove his case upon the trial. Indeed,, it would be improper to do so. Resultant and not evidentiary facts must be pleaded. Badeau v. Niles, 9 Abb. [N. C.], 48.
In this case the plaintiff, after stating the fact that he ■presented his petition to the surrogate; that the executrix had died; and that one of the executors had removed to Ireland and no other persons had' been appointed to their *193 place; alleges that the surrogate dismissed the proceeding on the ground that it appeared from the affidavit of Gano, the remaining executor, that there were no assets in his hands belonging to the estate, and had been none since 1879.
He then avers that there is' no personal property, whatever now belonging to the estate of said McOunn, but that all the personal property left by him has been duly applied by his said executors to the payment of his lawful debts and the lawful debts of his estate, and that no assets of his estate remained • or passed into the hands of his widow or next of kin or legatees.
Then1 comes the allegation that the plaintiff has exhausted his remedy at law, and that the plaintiff will not be able with due diligence to collect the said debt and deficiency, etc.
This seems te me to be a sufficient statement of facts to give the plaintiff a prima facie cause of action under subdivision two of section 1848 of the Code of Civil Procedure. See Blossom v. Hatfield, 24 Hun, 275.
It may turn out upon the trial that Mr. Fine was a purchaser in good faith, and for value, before the notice of the pendency of the action was filed, and is therefore protected under the provisions of section 1853 of the Code; but as the complaint alleges that he took all the conveyances by which he acquired title, with full knowledge of the plaintiff’s claim herein, and therefore subject thereto, it cannot be assumed upon demurrer that the land held by him cannot be sold to satisfy the claim of the plaintiff.
Third. Nor am I prepared to hold that causes of action have been improperly united in the complaint.
The object of this action is to compel the sale of land owned by McOunn, for the purpose of paying a debt alleged to be due from him or his estate. Mr. Fine claims to be the owner of a portion of that land by" good and valid conveyances, and if such turns out to be. the fact upon the trial, judgment will necessarily be rendered in his favor.
The provisions of section 1853 of the Code would seem to indicate that it is perfectly proper to make him a party to the action for the purpose of ■ ascertaining what his rights are, and to give him an opportunity of defending them.
Fourth, The executors of John H. McCunn were not necessary parties defendant, and the demurrer, on- that ground, cannot be sustained, Messereau v. Ryerss. (3 N.Y., 261 Green v. Martine (27 Hun, 246).
Fifth. The trustees and executors of. Jane McDonald, deceased, and Bobert McDonald,- the . husband ■ of. Jane, were, I think, properly made parties defendant.--'. -- r
The complaint alleges that Lozier and; Stevenson are the *194 executors of jane McDonald, a deceased heir, and the trustees of her interest in said real estate, and that Robert McDonald was the husband of Jane, and that the latter had lawful issue of her marriage before her death.
This, allegation shows an interest in the trustees in the. lands in question, and also that McDonald has, or. may claim to have, an estate by the curtesy. It was not necessary to state more than is set forth in the complaint to show that Lozier, Stevenson and McDonald have interests, which may be affected by the result of this action. They are therefore proper parties. For these reasons the demurrers to the complaint are overruled, with leave -to the defendants to answer over on payment of costs.