## WILBER and others *vs.* COLLIER and others.

Where a judgment debtor dies before the judgment creditor has obtained an equitable lien upon his personal property by the filing of a creditor's bill, it cannot be reached by filing a bill of that nature against the widow and heirs of the deceased debtor.

The personal property belongs to the personal representatives of the decedent, and can only be reached by a proceeding against them. And if no other person will administer upon the estate, the judgment creditor should himself apply to the surrogate, and obtain letters of administration, and then apply the personal property of the decedent to the payment of debts in a due course of administration.

If his is the oldest judgment, such creditor will be entitled to priority over other creditors. But if there are older judgments, the fact that his execution had been returned unsatisfied before the death of his creditor will not entitle him to any preference.

*Aliter* if he has acquired a specific lien upon the property, by the levy of his execution thereon in the lifetime of the judgment debtor.

The fact that the widow and children of a deceased judgment debtor have taken possession of, and used, his personal property, after his death, will not authorize the judgment creditor to proceed against them by bill, to obtain satisfaction of the judgment; they not being liable to be sued as executors of their own wrong.

An ordinary judgment creditor's bill is not the proper remedy to reach real estate of a deceased judgment debtor, or an equitable interest in real estate, which has descended to his heirs at law.

If the decedent held the legal title, so that the judgment was a lien upon the land, the judgment creditor's proper course is to revive the judgment against the heirs or devisees of the decedent, and then to have the property sold upon execution. But if the decedent's interest in the real estate was a mere equitable interest, under a contract to purchase, or otherwise, which cannot be sold on execution, the judgment creditor, after exhausting his remedy against the personal representatives of the decedent, or ascertaining that they have no assets to pay his debt, should apply to the surrogate, to compel them to sell the equitable interest of the testator, or intestate, for the payment of his debts; as authorized by the revised statutes.

The creditors by judgment, or otherwise, may also reach an equitable interest in real estate, which their deceased debtor held under a contract to purchase, by a suit against his heirs to whom it has descended. But before they can do this, in addition to exhausting their remedy against the personal representatives of the decedent, or showing by their bill that there was no personal estate to pay the debts, they must wait until the expiration of three years from the time of granting letters testamentary or of administration.

Where it appears that the complainant is entitled to relief, but his bill is not properly framed to obtain such relief, the bill should not be dismissed absolutely; but it should be dismissed without prejudice to his rights in any future litigation.

THIS was an appeal, by the complainants, from a decree of the vice chancellor of the eighth circuit, dismissing their bill as to the defendant J. Howell, and the infant children and heirs of T. Collier deceased. N. Wilber, one of the complainants, in May, 1837, recovered a judgment, in the supreme court, against J. L. Collier and T. Collier, for about $1300, upon which an execution was issued to the sheriff of the county where the defendants therein resided, and the same was afterwards returned unsatisfied, in October of the same year. Finch and Harmon, the other two complainants, also recovered a judgment, at the same time and in the same court, against J. L. and T. Collier, for about $560; upon which an execution was issued and returned unsatisfied, in the same manner. At the time of the return of these executions, T. Collier, one of the judgment debtors, had considerable personal property, which had been sold under a previous execution against him, but which had again become his under an arrangement made with the purchaser thereof. He also was entitled to a conveyance of about 130 acres of land, from the defendant J. Howell, upon the payment of certain advances which had been made by Howell, to pay for the land upon the contracts which T. Collier held therefor at the time of the recovery of the before mentioned judgments, and for other moneys paid and advanced upon the purchase of his personal property at the sheriff's sale; Howell having taken the legal title to the land, under an arrangement made between him and T. Collier.

Immediately after the return of their respective executions, the complainants filed a creditor's bill against their judgment debtors; and Howell was made a defendant in that suit, for the purpose of reaching T. Collier's interest in the 130 acres of land, upon the payment of the amount due thereon to Howell. That bill was subsequently dismissed, without prejudice to the rights of the complainants, on account of some formal defect in the statement of the issuing of their executions. T. Collier having died, the bill in the present suit was filed, in August, 1840, less than three years after his death; and J. L. Collier, the surviving judgment debtor, and Howell who held the legal title to the

land, and the widow and children of T. Collier the deceased judgment debtor, were made defendants therein. The infant defendants put in the usual general answer, by their guardian ad litem. Howell also put in an answer contesting the rights of the complainants; and the cause was heard upon pleadings and proofs as to those parties.

*S. Boughton,* for the appellants.

*M. F. Delano,* for the respondents.

THE CHANCELLOR. The vice chancellor probably came to the correct conclusion, that as between the defendant Howell and T. Collier, at the time of the death of the latter, Collier was entitled to a conveyance of the 130 acres of land, upon paying to Howell the amount of his bid upon the personal property which was given up, and the amount of his advances to obtain a conveyance of the legal title to the land; together with interest on those sums, and the amount of his expenses and other disbursements in procuring that title. But the complainants' solicitor clearly mistook the course of proceeding necessary to be pursued, after the death of T. Collier, to reach the personal property which belonged to him at the time of his death, and which remained in the hands of his widow and children at the time of filing the bill in this suit. And he also mistook his remedy to reach the interest of the decedent in the 130 acres of land; which interest became vested in the heirs at law of T. Collier at his death.

Where the judgment debtor dies before the judgment creditor has obtained an equitable lien upon his personal property, by the filing of a creditor's bill, it cannot be reached in that way. The property belongs to the personal representatives of the decedent, and can only be reached by a proceeding against them. And if no other person will administer upon the estate, the judgment creditor should himself apply to the surrogate and obtain letters of administration, and then apply the personal property of the decedent to the payment of debts in a due course

of administration. If his is the oldest judgment, he will be entitled to priority in payment over other creditors. But if there are older judgments, the fact that his execution had been returned unsatisfied does not entitle him to any preference. It would be otherwise if he had acquired a specific lien upon the property, by the levy of his execution thereon in the lifetime of the judgment debtor. For the sheriff, in that case, could proceed and sell the property, upon the execution, notwithstanding the death of the party against whom such execution had issued.

Nor did the fact that the widow and children of T. Collier had taken possession of and used his personal property, after his death, authorize the complainants to proceed by bill against them to obtain satisfaction of the debt. For, under the provisions of the revised statutes, persons who have wrongfully possessed themselves of the property of a deceased debtor cannot be sued, by the creditors, as executors of their own wrong; but are liable to account for such property to the rightful executor, or administrator, when one shall have been allowed, or appointed, by the surrogate. (2 R. S. 449, § 17.)

Again ; an ordinary judgment creditor's bill is not the proper remedy to reach real estate of a deceased judgment debtor, or an equitable interest in real estate which has descended to his heirs at law. If the decedent at his death held the legal title, so that the judgment was a lien upon the property, the judgment creditor's remedy is to revive the judgment against the heirs or devisees of the decedent, and then to have the property sold upon execution. But if the decedent's interest in the real estate was a mere equitable interest, under a contract to purchase, or otherwise, which cannot be sold on execution, the judgment creditor, after exhausting his remedy against the personal representatives of the decedent, or ascertaining that they have no assets to pay his debt, should apply to the surrogate to compel them to sell the equitable interest of their testator or intestate, for the payment of debts; as authorized by the revised statutes. (2 R. S. 108, § 48. Idem, 111, § 66.)

The creditors by judgment or otherwise, may also reach an equitable interest in real estate, which their deceased debtor

Wilber *v.* Collier.

held under a contract to purchase, by a suit against his heirs to whom it has descended. But before they can do this, in addition to exhausting their remedy against the personal representatives of the decedent, or showing by their bill that there was no personal estate to pay their debts, they must wait until the expiration of three years from the time of granting letters testamentary or of administration. (2 *R. S.* 109, § 53.) The revised statutes having changed the whole course of the proceedings in this court by creditors, against heirs and devisees, to reach the real estate, or an equitable interest in real estate, of their deceased debtor, in the hands of his heirs or devisees, decisions upon cases of that kind previous to January 1830, are not applicable to cases which have arisen since that time. This bill was so defective that it was impossible to give any relief to the complainants therein as against the respondents. But as they succeeded in showing that they had rights which might be made available not only as against Howell but also against the heirs at law of their deceased debtor, at some future time, if they were not able to obtain satisfaction of their debts out of the personal estate of the decedent by a proper proceeding, the bill should not have been dismissed absolutely; but the decree dismissing the bill with costs, as to the respondents, should have been without prejudice to the rights of the complainants in any future litigation. The decree appealed from must therefore be corrected in this respect. And with this slight modification it must be affirmed with costs.