Jennie H. Selover, Appellant, *v.* Ditmas Coe, Respondent.

The heirs or next of kin of a deceased person can only be made liable upon his contracts or for his debts in the cases and in the manner prescribed by statute.

No liability can be upheld against heirs at law unless it is made to appear that the deceased left no personal assets within the State to be administered, out of which the debt could be collected, or that the personal assets have been disposed of and appropriated toward the payment of the obligation. (2 R. S., 452, § 33, as amended by chap. 110, Laws of 1859.)

No suits can be brought against heirs at law or devisees within three years from the time of granting letters testamentary or of administration.

This objection is not waived by not being pleaded. The plaintiff, to maintain such an action, must show affirmatively that his case is within the provisions of the statute, and as a material part of his affirmative case he must show that the action is brought after three years. The provisions of the Code requiring certain objections to be taken by answer or demurrer are not applicable. (§§ 74, 148.)

Statement of case.

No action can be brought against next of kin, save where the creditor has neglected to present his claim to the personal representatives of the deceased. (2 R. S., 90, § 42.)

Where the creditor has presented his claim and the same has been rejected, and six months have elapsed without the bringing of an action to enforce the same, as required by the statute (2 R. S., 89, § 38), this is a defence not only to an action against the personal representatives of the deceased, but also to any action brought to enforce the claim against heirs at law or next of kin.

It is not a valid objection to a notice of the rejection of a claim that it was signed by the attorney of the personal representatives in their names, where it appears that it was so signed at their request and by their authority; it is in such case their act, and as effectual as if signed by them.

The fact that the claim is of such a nature that it could not be enforced during the lifetime of the deceased does not take it out of the operation of said statute.

(Submitted December 6, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of the defendant, entered upon the report of a referee.

This action was brought against defendant as one of the heirs at law and next of kin of Ditmas Duryea, deceased, to recover the shares of the real and personal estate received by him to be applied upon an alleged claim of plaintiff against the estate.

The referee found, in substance, that in the year 1860 said Duryea agreed with plaintiff, in consideration of her work, labor and services to be performed in his family, that he would provide for and suitably maintain her while rendering such services, and upon his death she should receive whatever estate and property should then belong to him; that she thereupon entered into his service and duly performed work and labor, as required by such agreement, until a short time before his death; that he died intestate in March, 1871, seized of real estate and of a large amount of personal property (admitted to be over $50,000); that administrators were duly appointed, who

duly advertised for the presentation of claims against the estate; that plaintiff presented her claim under said agreement, in pursuance of said notice, which was rejected by the administrators; that the claim was not referred nor was any offer made to refer the same, and that no suit was brought thereon within six months; that the real estate of the deceased descended to defendant and other heirs at law, and that he, as next of kin, received his proportionate share of the proceeds of the personal property. Upon these facts the referee found that plaintiff was not entitled to recover, and directed judgment dismissing the complaint. Judgment was perfected accordingly.

Upon the trial, when the notice of the rejection of the claim was offered in evidence, it was objected that it was not signed by the administrators. It appeared that it was signed by their attorney in their name, at their request, and by their authority. The objection was overruled, and plaintiff's counsel excepted. Further facts appear in the opinion.

*Joseph M. Pray* for the appellant. If the objection that the action was brought too soon was not pleaded, it was waived. (Code, §§ 74, 148.) The claim in question was not within the intent of the statute limiting the right of action to a period of six months. (2 R. S., art. 2, tit. 3, chap. 6, pp. 86-89; *Sands* v. *Croft*, 10 Abb. Pr., 216; *Hoyt* v. *Bennett*, 50 N. Y., 538; *Elliot* v. *Cronks*, 13 Wend., 35; *Clark* v. *Saxton*, 23 id., 477; *Calanan* v. *McClure*, 47 Barb., 206; *Nat. Bk. of Fishkill* v. *Speight*, id., 668; *Kidd* v. *Chapman*, 2 Barb. Ch., 414; *Whitmore* v. *Foose*, 1 Den., 162; *Hardy* v. *Ames*, 47 Barb., 413; *Reynolds* v. *Collins*, 3 Hill, 36; *Sheldon* v. *Benham*, 4 id., 129; *Onondaga Bk.* v. *Bates*, 3 id., 53; *Gaulez* v. *Doane*, 48 Barb., 148.)

*N. H. Clement* for the respondent. This action cannot be maintained against defendant as an heir at law. (2 R. S., 452, §§ 32, 42, 49; 3 R. S. [5th ed.], 750, § 32; 4 id., 65; 2

R. S., 109, § 64; 3 R. S. [5th ed.], 197.) The damages must be fixed and the remedy exhausted against the personal estate before a person can be sued as heir at law or next of kin. (*Messereau* v. *Ryors*, 3 N. Y., 261; *Butts* v. *Gemong*, 5 Paige, 259; *Naumbaugh* v. *Yates*, 11 id., 515; *Schermerhorn* v. *Barhydt*, 9 id., 45; *Stuart* v. *Kissam*, 11 Barb., 282; *Roe* v. *Sweezy*, 10 id., 247; *Hollister* v. *Hollister*, 10 How., 532; *Gore* v. *Clark*, 6 Hill, 350.) Plaintiff having presented her claim to the administrators, and it having been rejected, and no suit brought against them, this action will not lie. (*Irwin* v. *Loper*, 43 N. Y., 521, 524; 2 R. S., 452, §§ 32, 42; *Mer. Ins. Co.* v. *Hinman*, 4 Abb., 312; 34 Barb., 410; *Clark* v. *Sexton*, 23 Wend., 479.)

MILLER, J. If the plaintiff is entitled to maintain this action, it must be done in accordance with the statutory regulations, which establish a legal liability under the circumstances presented. There is no rule of the common law which furnishes a precedent for such a case. Even if there was, as the statute has made provision for cases in which heirs or next of kin may be liable for the contracts and debts of a deceased person, these enactments are controlling. They must, therefore, be considered as establishing the law upon the subject, and superseding any other rule which may previously have existed. The claim of the plaintiff is based upon the theory that the heir at law or next of kin, who has received a portion of the property of the deceased, is liable to the extent of the amount received upon the contract alleged and proved to have been made with the intestate. This, we think, cannot be upheld, as will be seen by a careful examination of the provisions of the Revised Statutes bearing upon the subject. A reference to these will show conclusively that no such case was intended to be, or actually is, provided for; and that the plan adopted for the payment of the debt of a deceased party is at variance with the idea that an action will lie in favor of the debtor and against the heir at law, under the facts proved.

SICKELS—VOL. XVIII.     56

In regard to heirs at law, 2 Revised Statutes, page 452, section 32, provides:

" The heirs of every person who shall have died intestate, and the heirs and devisees of any person who shall have died after the making of his last will and testament, shall respectively be liable for the debts of such person arising by simple contract, or by specialty, to the extent of the estate, interest and right in the real estate which shall have descended to them from or been devised to them by such person."

And section 33, as amended in 1859, declares:

" But such heirs shall not be liable for such debts unless it shall appear either that the deceased left no personal assets within this State to be administered, or that the personal assets of the deceased were not sufficient to pay and discharge the same, or that, after proceedings before the proper Surrogate's Court and at law, the creditor has been unable to collect such debt, or some part thereof, from the personal representatives of the deceased, or from his next of kin or legatee." No liability can be upheld under the provisions cited, because it does not appear that the deceased left any personal assets out of which the debt can be obtained, or that it could be collected in the manner provided by section 33. It was proved, on the contrary, that there was more than $50,000 in the hands of the administrator unadministered at the time when the suit was brought, which has since been distributed. This fact of itself is a complete answer to the right of the plaintiff to prosecute this action until these assets were disposed of and appropriated toward the payment of the plaintiff's claim, if any she had.

There is another objection to the right of the plaintiff to maintain this action against the defendant as an heir at law, which cannot be overcome. 2 Revised Statutes, page 109, section 64, prescribes, that no suit shall be brought against heirs and devisees within three years from the time of granting letters testamentary or of administration upon the estate. The action was brought within two years after letters of

administration were issued, and is thus barred by the statute cited. It is claimed that this objection was waived because it was not pleaded. The provisions of the Code which are relied upon in support of this position are not applicable to such a case. Section 74 relates to the time within which, and not to the time after which, actions may be commenced, and does not affect a provision of the character of the one cited. Section 148 does not embrace an objection of the character provided for by the statute, but those which are included within section 144 of the Code, which are of a different nature. It may also be remarked that in an action against heirs at law, which is regulated by statute, the plaintiff must make out a case affirmatively within its provisions. He must show every thing that the statute demands, and his failure to do so is a good and sufficient ground for preventing a recovery. An important and a material part of his case, which he is bound to establish, is, that his suit is brought after three years, as the statute provides, and without this he cannot maintain an action.

As to an action against the next of kin, the Revised Statutes contain provision for an advertisement for creditors to present their claims within a certain period of time, which is named; and the only authority for the commencement of an action to recover a debt against the next of kin is 2 Revised Statutes, page 90, section 42, which, after providing for the presentation of claims, enacts as follows: "But any creditor who may have neglected to present his claim as aforesaid may, notwithstanding, recover the same in the manner prescribed by law, of the next of kin and legatees of the deceased to whom any assets shall have been paid or distributed."

The plaintiff did present her demand to the administrators, and it was rejected by them. And although they had assets in their hands, no action was brought against them to recover the amount within the time required by law, or at any time afterwards. Having thus presented her claim, the plaintiff has no remedy, within the statute last cited, against the next of

kin, and no such case is provided for by the statute last cited. In the case of *Erwin* v. *Loper* (43 N. Y., 521), it was said that the creditors who have omitted to present their claims within the six months are protected from loss by the remedy against the next of kin to whom any land may have come, or any assets shall have been paid or distributed, thus holding that an action lies in such a case.

There is also another objection to the plaintiff's claim, and that is that it was rejected, and not referred, and no action brought within six months after such rejection, for the enforcement of the same, as the statute requires. (2 R. S., 89, § 38.) This would be a clear defence by the administrators, and, as no action would lie against them, it is difficult to see how it could be sustained against the heir at law or next of kin. It is said that the statute only applies to administrators and executors, and they alone can interpose the defence which it gives. It provides against "any action" being brought, and although the executor or administrator is required to give notice of his intention to offer such evidence of such rejection and neglect, in bar of the action, there is no sufficient reason why the disability does not attach in any other action which may be brought by the creditor. In fact, when the creditor fails to prosecute within the time prescribed, his right of action is gone against any one.

The objection that the attorney signed the administrators' names to the notice is not well taken. He did so at their request, and acting on their behalf and by their authority; it was their act, for which they are responsible.

This defence under this statute is sufficiently set forth in the answer to the complaint. There is no reason why the statute should not run against the plaintiff's demand, and the fact that the claim could not be enforced until after the death of the intestate, does not aid the plaintiff. This may be the case where other claims against the deceased are not due until after his death, but does not take the case out of the operation of the statute.

There was no error in the admission of evidence, and as

the plaintiff failed to make out a case, the order of the General Term, affirming the judgment entered upon the referee's report, must be affirmed, with costs.

All concur.

Judgment affirmed.