WILLIAM M. FLIESS, INDIVIDUALLY, &c., AND OTHERS, RESPONDENTS, *v.* JOHN C. BUCKLEY AND OTHERS, APPELLANTS.

*Surplus moneys on a sale on foreclosure, to be regarded as realty—where an action relating to them must be brought—Code of Civil Procedure, § 982.*

Surplus moneys arising upon a sale had under a decree entered in an action brought to foreclose a mortgage, after the death of the mortgagor and owner of the premises, are to be regarded as realty, and an action brought by one claiming to have a lien thereon, to have the same established and the moneys divided among those entitled to receive them, must, under sec-

tion 982 of the Code of Civil Procedure, be brought in the county in which the premises were situated and the surplus moneys deposited.

---

_Judgment creditor's action—inability to collect the judgment from the personal estate must be shown._

One who, in an action brought to foreclose a mortgage, has recovered a judgment for a deficiency, arising on the sale, against the executor of the deceased mortgagor, cannot maintain an action to secure and apply to the payment thereof surplus moneys arising on the foreclosure of another mortgage, given by the same mortgagor upon different property, without alleging his inability to collect the judgment out of the personal estate of the deceased.

APPEAL from an order made at Special Term, denying a motion to change the place of trial of this action from New York to Kings county, and also from an order restraining the appellants and the other defendants in this action from prosecuting, in the County Court of Kings county, proceedings to obtain a surplus arising on the sale of certain real property in the city of Brooklyn, in an action brought by the Brooklyn Savings Bank against John C. Buckley and others, in which action the plaintiffs herein were defendants.

The complaint alleges the foreclosure by the Brooklyn Savings Bank of a mortgage made to them by John Buckley, now deceased, on premises in Myrtle avenue, Brooklyn; the decree therein and the sale of the mortgaged premises thereunder on April 23, 1880 that a surplus of $6,868.29 arose thereon, which, in accordance with the said decree, had been deposited with the county treasurer of Kings county; the commencement of proceedings under rule 68 to reach the said surplus in the said County Court, and an order of reference to William H. Greene, Esq., to ascertain and report the amount due to Jane E. Buckley, or to any other person, which is a lien upon such surplus. The plaintiffs were parties defendant to that action, filed their claim to such surplus and attended on such reference. The plaintiff, William M. Fliess, alleges that he has a second mortgage for $2,000, on the said premises from the sale of which this surplus arose, made by John Buckley, now deceased, December 1, 1874; that he commenced an action to foreclose the same, November 26, 1879, in the New York Supreme

Court, Kings county, and that on April 6, 1880, he obtained a decree of foreclosure and sale, showing $2,385.04 to be due, but no sale was made. This bond and mortgage are alleged to be his individual property.

The complaint further alleges that the plaintiffs, Sarah H. Fliess and William M. Fliess, executors, &c., of Robert A. Fliess, deceased, were the owners of certain other mortgages on property in Brooklyn, dated April 24, 1875, and a certain other mortgage, dated December 12, 1873, on property in said city of Brooklyn, corner of Stuyvesant avenue and Quincy street, all made by John Buckley, now deceased. That, in September and November, 1879, they foreclosed the said mortgages, in the New York Supreme Court, Kings county, and recovered judgments for deficiencies therein against John C. Buckley, as administrator with the will annexed of John Buckley.

That the mortgagor, John Buckley, died at Brooklyn, May 21, 1875, leaving a last will and testament, which was admitted to probate by the surrogate of Kings county, June 10, 1875, by which he appointed his wife administratrix, and left her the use, enjoyment and benefit of his property, both real and personal, during her life, and, at her death, to his sons, Caleb F., Ephraim G. and John C. Buckley. That his widow died July 5, 1878, and letters of administration with the will annexed were issued to Caleb F. Buckley. That Ephraim G. died, unmarried and intestate, after his father, and Caleb F. Buckley died, October 2, 1879; and thereafter letters of administration with the will annexed were issued to John C. Buckley. That Caleb F. Buckley conveyed his interest in the property devised to him by his father to Joseph S. Hunt, April 23, 1879, and the said Hunt simultaneously conveyed the same to Jane E. Buckley, the wife of said Caleb F. That Howard & Fuller recovered a judgment against John C. Buckley, March 8, 1870, and, on January 13, 1880, issued execution thereon, and the sheriff of Kings county sold to them, under said execution, March 6, 1880, the right, title and interest of said John C. Buckley, in all the above described property. That the defendants other than John C. and Jane E. Buckley, are judgment creditors of John C. or Caleb F. Buckley; that they have filed claims to said surplus,

and that they are all the parties having any claim thereto. The plaintiffs further alleged that the claims of defendants are disputed and will be contested, and that it is necessary that issues should be framed and tried in order that said claims may be properly adjudicated by this court, and that the proceedings under rule 68 are not intended to apply to disputed and contested claims, and they are informed and believe that their claims in this action will be vigorously and determinedly contested, and demand judgment.

The said William M. Fliess, individually, that his decree of foreclosure and sale be adjudged a first lien upon said surplus.

And Sarah H. Fliess and William M. Fliess, executors, &c., that their judgments against the administrator be decreed the second lien upon said surplus.

That, in the meantime, the defendants be restrained and enjoined from commencing or prosecuting any other action or proceeding for the distribution of said surplus, or in any way affecting the same or the rights of the various parties to this action, and from proceeding with or in any way pursuing the reference now pending under the order of the County Court of the city of Brooklyn, dated June 12, 1880.

*F. E. Dana*, for the appellants.

*Osborne E. Bright*, for the respondents.

BARRETT, J.:

We think this case comes within the spirit of section 982 of the Code of Civil Procedure. It has been repeatedly held that the surplus is to be regarded as realty. It goes to the heirs or devisees, not to the administrator. (*Dunning* v. *Ocean National Bank*, 61 N. Y., 497.) There is no difference in principle between such surplus and a parcel of the realty remaining unsold, after the sale of enough to satisfy the judgment of foreclosure. If the surplus be thus regarded as between the heirs and personal representatives of the deceased, it is but reasonable and productive of harmony to take the same view of the expression used in section 982. If, in theory, the surplus be treated as real estate, why not in practice? If with regard to the right, why not with regard to the remedy?

Then, to establish a right therein, or to determine a lien thereon, necessarily involves the establishment of such right or determination of such lien *upon the property covered by the mortgage.* The policy of the law, too, favors the retention within the local jurisdiction of the *supplemental* litigation with regard to the surplus. Under the rule, it is usually administered and distributed by the court in which the foreclosure proceeded. If the character of the claim thereto be such as to require an original suit, it would seem to be eminently proper that such suit should be instituted in the same court, or at least within the same local jurisdiction. This was doubtless the intention, in part, with which the very broad and comprehensive language of section 982 of the Code of Civil Procedure was substituted for section 123 of the Code of Procedure. We are, therefore, of opinion that the action should have been brought in Kings county, and that the order appealed from should be reversed, with $10 costs, and disbursements of the appeal, and the motion to change the place of trial to the proper county be granted.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order reversed, with $10 costs, and disbursements, and motion to change the place of trial to the proper county granted.

BARRETT, J.:

The injunction should not have been granted. The plaintiffs did not make out a *prima facie* case. So far as Mr. Fliess individually is concerned, there was no necessity for an original suit. His remedy under the order of reference was ample and complete. The referee was regularly appointed, and Mr. Fliess had no right to remove the proceedings from his jurisdiction. It may be that the representatives of Robert A. Fliess would, in a proper case, have been entitled to file an original bill. The question, whether their claims to the surplus moneys could have been duly litigated before the referee, may admit of doubt; but it is unnecessary to pass upon that question definitely, for the reason that the complaint, so far as they are concerned, is wholly insufficient. A fatal defect is the

failure to allege inability to collect the judgments out of the personal estate. (*Butts* v. *Genung*, 5 Paige, 254; *Selover* v. *Coe*, 63 N. Y., 438.) The absence or insufficiency of personalty is not even suggested. Nor is it claimed that these creditors have exhausted their remedy against the personal representatives of the deceased. The plaintiffs should at least have made out a case sufficient to have entitled them to a sale of the realty. That is what was contemplated by the act of 1867, chapter 658 (as amended, Laws of 1870, chapter 170, and Laws of 1871, chapter 834). The surplus is undoubtedly liable for John Buckley's debts. So far, we agree with the plaintiffs. But how liable? Plainly, as real estate is liable. As was said by DWIGHT, C., in *Dunning* v. *Ocean National Bank* (61 N. Y., 506):—"The terms of the statute show that the surplus is regarded as real estate. The most careful precautions are taken to prevent the heirs from being deprived of it, except in the same manner and to the same extent that would be permitted in case the land had remained unsold." In every provision of the Revised Statutes upon this general subject it will be found that extreme care has been taken to require the complete exhaustion of the personalty before permitting a resort to the realty. We feel constrained, therefore, to direct a reversal of the order appealed from, with $10 costs, and disbursements of the appeal, and a dissolution of the injunction, without prejudice to another application for such injunction, upon an amended complaint and further papers, if plaintiff be so advised.

Present—DAVIS, P. J., BRADY and BARRETT, JJ.

Order reversed, with $10 costs, and disbursements, and injunction dissolved without prejudice to another application for an injunction on further papers.