FREDERICK A. BLOSSOM, APPELLANT, *v.* EMMA A. HATFIELD AND OTHERS, RESPONDENTS.

*Action by a judgment creditor against the heirs-at-law of the debtor — what must be shown to maintain it — 3 R. S. (6th ed.) 736, § 33.*

In an action by a judgment creditor of a deceased person to secure payment of the judgment from real estate which descended to the heirs-at-law, it is sufficient to allege and prove that the personal assets of the deceased were not sufficient to pay and discharge the debt, and it is not necessary to show the inability of the creditor to collect the same, by proceedings at law or before the surrogate, from the personal representatives, next of kin or legatees of the deceased.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action at the Special Term.

*A. J. Perry*, for the appellant.

*Rastus S. Ransom*, for the respondents Emma A. Hatfield, and Allien and Schmidt.

DANIELS, J.:

This action was brought to recover the amount unpaid upon judgments obtained against Theodore B. Hatfield in his lifetime. The defendants were alleged to have acquired real estate from him by descent which should be applied to the payment of his debts. It was alleged in the complaint that letters of administration had been taken out upon his estate more than three years before the commencement of this suit, and that he died leaving no personal assets, or that such as were left by him were insufficient to pay his debts, or to pay or discharge the judgments forming the foundation of the plaintiff's demand.

No proof was given upon the trial, but the complaint was dismissed because it was not proposed to show, that proceedings had been taken against the administrator for the collection of these debts. But when it is proposed to be shown that the personal assets of the deceased were not sufficient to pay or discharge the demands relied upon, the statute does not appear to require that the additional cir-

cumstance shall also be established that, by proceedings before the Surrogates' Court and at law, the creditor has been unable to collect such debt or some part thereof from the personal representatives of the deceased, or from his next of kin or legatees. (3 R. S. [5th ed.], 750, § 33; Laws 1859, chap. 110.) The statue plainly contemplates two contingencies, in either of which a liability for the debts of the deceased may be established; the first is the fact of the personal assets left by him being insufficient to satisfy his debts, and the other the inability to collect them by means of proceedings before the surrogate, or from the next of kin or legatees.

The language made use of is reasonably free from doubt and will not justify the conclusion that it was intended that the creditor should show that he had been unable to collect his debt, in addition to the circumstance that the deceased either left no personal assets to be administered, or that they were not sufficient to pay and discharge his debts, and that has been the construction which has in all instances been placed upon its terms. In *Roe* v. *Swezey* (10 Barb., 247) the plaintiff failed because neither an executor or administrator of the estate had at any time been appointed. In *Butts* v. *Genung* (5 Paige, 254) it was conceded that either the fact that the personal estate of the decedent was not sufficient to pay or discharge his debts, or that, after due proceedings before the surrogate or at law, the complainant had been unable to collect his debt would be sufficient to entitle him to maintain his action. (Id., 259.) The same point was similarly disposed of in *Gere* v. *Clarke* (6 Hill, 350–352). (*Wilber* v. *Collier*, 3 Barb. Ch., 427; *Wambaugh* v. *Gates*, 11 Paige, 505.) In the last case it was stated that to entitle a creditor to a decree against the heirs or devisees he must show, by his bill, either that the personal estate was not sufficient, originally, to pay the debts, or that such creditor had exhausted his remedy against the personal representative without being able to obtain satisfaction of his debt. Id., 515, and the case of *Mersereau* v. *Ryerss* (3 Comst., 261) is very plainly to the same effect. In *Selover* v. *Coe* (63 N. Y., 438) the same view of the statute appears to have been taken. The case of *Armstrong* v. *Wing* (10 Hun, 520) is not opposed to this construction, for the plaintiff there failed to bring himself within either of the alternatives prescribed by the statute, as he alleged that the ancestor had left personal estate,

which had been received by the defendant as his next of kin. While the statute was there considered as having provided for two distinct grounds upon which debts of this nature might be recovered from the heirs or devisees of the deceased, neither was established in the plaintiff's favor, and for that reason his action was dismissed.

These authorities are all in one direction, and they combine in sustaining the plaintiff's right to recover in this action upon the facts which, by the opening of his counsel, it was proposed to prove.

The direction dismissing the plaintiff's complaint cannot be sustained, and the judgment should be reversed and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, with costs to abide event.