### SHEIL *v.* MUIR.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. DESCENT AND DISTRIBUTION—ACTIONS AGAINST NEXT OF KIN.
An action by an attorney for services rendered to a decedent is properly brought against his surviving heir at law and next of kin under Code Civil Proc. N. Y. § 1837, providing that an action may be brought against the next of kin of an estate to recover to the extent of the assets paid or distributed to him, for a debt of the decedent, upon which an action might have been brought against the personal representative, and section 1860, which provides that where a person who takes real property of a decedent by devise and also by descent, or who takes personal property as next of kin and also as legatee, would be liable in one capacity for a demand against the decedent after the exhaustion of the remedy against him in another capacity, a plaintiff may, in an action to charge him which can be maintained without joining with him any other person except one whose liability is in all respects the same, recover any sum for which he is liable, although the remedy against him in another capacity is not exhausted.

2. ATTORNEY AND CLIENT—ACTION FOR SERVICES—PROOF OF RETAINER.
In an action by an attorney for services rendered in a case, evidence of the number of days spent by him in the case is not objectionable merely because no retainer has been shown, the point concerning merely the order of proof.

3. APPEAL—REVIEW—OBJECTIONS NOT RAISED.
Where evidence as to a personal transaction with a decedent is admitted in violation of the statute, but only a general objection is made, the causes rendering such evidence improper not being called to the attention of the court, such objection will not be considered on appeal.

Appeal from circuit court, Westchester county.

Action by D. R. Sheil against Mary G. Muir. Judgment was given for plaintiff, and defendant appeals. Code Civil Proc. N. Y. § 1837, provides that "an action may be maintained * * * against the surviving husband and wife of a decedent, and the next of kin of an estate, or the next of kin or legatee of a testator, to recover, to the extent of the assets paid or distributed to them, for a debt of the decedent, upon which an action might have been maintained against the executor or administrator." Section 1860 provides that "where a person who takes real property of a decedent by devise and also by descent, or who takes personal property as next of kin and also as legatee, or who takes both real and personal property in either capacity, * * * would be liable in one capacity for a demand against the decedent, after the exhaustion of the remedy against him in another capacity, the plaintiff, in any action to charge him, which can be maintained without joining with him any other person except a person whose liability is in all respects the same, may recover any sum for which he is liable, although the remedy against him in another capacity was not exhausted."

Argued before BARNARD, P. J., and PRATT, J.

*Alexander Thain,* for appellant. *William L. Snyder,* for respondent.

PRATT, J. This is an action by an attorney for services rendered one David McMaster in his life-time against his surviving heir at law and next of kin. The evidence is abundant to prove the retainer and services, and their value. The verdict, therefore, is well supported, and very moderate in amount in view of the testimony. The defense was sharp and technical, and it remains to be seen whether there were errors committed upon the trial sufficient to reverse the judgment. The suit was properly brought under sections 1837 and 1860 of the Code of Procedure. The case of *Selover* v. *Coe,* 63 N. Y. 438, therefore, cited by defendant, was decided before the passage of the Code, and has no application. The questions put to the experts as to the value of the services were proper in form, and were justified by facts already proved. It was also competent for the plaintiff to state the number of days he worked upon the case. At most it was a question of the order of proof, which is always in the discretion of the trial judge. The most serious question, and the only one requiring any comment, was that which called for the fact of payment of $500 upon account by the deceased to the plaintiff. This was undoubtedly a personal transaction and incompetent, under section 829 of the Code. But the objection must be unavailing here for several reasons. The ground of its incompetency was not called to the attention of the court, but only a general objection was made, and exception taken. The point that it was within section 829, and therefore not competent, was not specifically stated; nor was the fact that it involved a personal transaction with deceased called to the attention of the court, and it cannot now be considered. *Lerche* v. *Brasher,* 104 N. Y. 157, 10 N. E. Rep. 58. Again, the employment and rendition of the services had been so abundantly proved that, whether or not he had received $500, was only important for the purpose of giving credit to the defendant. It certainly did not injure the defendant, and cannot now be urged to reverse the judgment. We have examined the record fully, and find no errors. Judgment affirmed, with costs.